UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AARRIC, INC.,

    Plaintiff,

v.     Case No.:  2:20-cv-306-FtM-38MRM

UTTAM DHILLON and UNITED
STATES DRUG ENFORCEMENT
ADMINISTRATION,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff's Petition to Dissolve Immediate Suspension Order (Doc. 2) and the Government's Response in Opposition (Doc. 10). Plaintiff runs a pharmacy. In early January 2020, the United States Drug Enforcement Agency ("DEA") issued an immediate suspension order ("ISO")—preventing Plaintiff from distributing certain controlled substances. (Doc. 10-1). Following an investigation, the ISO issued upon a determination it was necessary to prevent an imminent danger to public health and safety. And the ISO will stay in place until after the DEA makes a final administrative decision whether to permanently revoke Plaintiff's license to distribute the substances and any later judicial review. Those administrative proceedings are ongoing with a hearing on the merits set for early June 2020.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Now, Plaintiff petitions to dissolve the ISO. In part, the Government argues the Petition should be denied as procedurally improper. The Court agrees.

Plaintiff cites two statues as grounds for the relief it seeks. One allows states to seek injunctions sometimes. 21 U.S.C. § 882. But that statute neither creates a private right of action nor permits suit against the Government, so it is inapposite. *Id.* at § 882(c)(5)-(6)(A). The other—21 U.S.C. § 824(d)—allows the Attorney General to issue an ISO and permits "a court of competent jurisdiction" to dissolve the ISO. *Id.* at § 824(d)(1).

Plaintiff argues over what standard to apply for reviewing the merits of the DEA's action, but that ignores the first question of what legal standard applies. Every Middle District decision addressing a § 824(d) challenge did so on a motion for temporary restraining order ("TRO") or preliminary injunction. *George Pharmacy Inc. v. Barr*, No. 6:19-cv-1480-Orl-41GJK, 2019 WL 7423550 (M.D. Fla. Sept. 23, 2019); *United Prescription Servs., Inc. v. Gonzalez*, No. 8:07-CV-316-T-30MAP, 2007 WL 1526654 (M.D. Fla. May 23, 2007); *Medipharm-RX, Inc. v. Gonzales*, No. 8:06-CV-2223-T-24EAJ, 2007 WL 601722 (M.D. Fla. Feb. 16, 2007). Most other districts handle these matters through motions for injunctive relief too. *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203 (D.D.C. 2012).[2] Such a procedure makes sense. Whatever Plaintiff titles the Petition, it seeks injunctive relief to prevent enforcement of the ISO until the final decision on the merits. A preliminary injunction serves that exact purpose. *E.g.*, *Suntrust Bank v.*

---

[2] *See also Novelty Distribs., Inc. v. Leonhart*, 562 F. Supp. 2d 20 (D.D.C. 2008); *Easy Returns Worldwide, Inc. v. United States*, 266 F. Supp. 2d 1014 (E.D. Mo. 2003); *Keysource Med., Inc. v. Holder*, No. 1:11-cv-393, 2011 WL 3608097 (S.D. Ohio Aug. 16, 2011); *Holiday CVS, L.L.C. v. Holder*, 839 F. Supp. 2d 145 (D.D.C. 2012), *vacated for mootness*, 493 F. App'x 108 (D.C. Cir. 2012); *Bates Drug Store, Inc. v. Holder*, No. CV-11-0167-EFS, 2011 WL 1750066 (E.D. Wash. May 6, 2011).

*Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) ("The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." (citation omitted)).

According to Plaintiff, the Eleventh Circuit has never addressed the standard to apply when a party challenges an ISO under § 824(d). That's not entirely true. Before the split, the Fifth Circuit considered a TRO granted on a § 824(d) challenge. *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822 (5th Cir. 1976).[3] When faced with such a case, the Court held it was proper for the district court to issue a TRO. *Id.* at 828-29. While later final administrative proceedings rendered the injunctive relief moot, *Norman Bridge* approved bringing these challenges through Rule 65. *Id.* at 824, 826-27. The Court explained § 824(d) was a congressional effort to prevent deprivations without notice unless an ISO is necessary "to avoid imminent danger to the public health and safety." *Id.* at 828. And a district court cannot "effectively discharge[] the function imposed upon it by Congress [without] the power to preserve this status quo pending a hearing." *Id.* at 829. In other words, for the district court to carry out its statutory duty, it must be able to issue TROs and preliminary injunctions on § 824(d) challenges.

Faced with that, Plaintiff points to a single case from West Virginia. *Oak Hill Hometown Pharmacy v. Dhillon*, 418 F. Supp. 3d 124 (S.D. W. Va. 2019). *Oak Hill* refused to consider a § 824(d) challenge under the TRO standard. *Id.* at 128. Instead, it dealt with the matter "as a motion to dissolve the ISO." *Id.* Yet that approach leaves courts without a legal standard to guide the analysis. It also goes against otherwise unanimous federal courts that considered these challenges as requests for TROs or

---

[3] All Fifth Circuit opinions before October 1, 1981, are binding precedent in the Eleventh Circuit. *E.g.*, *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207, 1209 (11th Cir. 1981).

preliminary injunctions. And this method permits plaintiffs to circumvent the preliminary injunction standard by merely changing the title of their filing. At bottom, by fashioning this as a Petition to Dissolve, Plaintiff attempts to shift a heavy burden from itself to the Government. The Court refuses to go along.

Having decided the preliminary injunction standard governs, the Court denies the Petition. It flouts Federal Rule of Civil Procedure 65 and Local Rules 4.05 and 4.06. Failure to comply with those Rules is enough to deny a request for injunctive relief. *E.g.*, *Renfroe v. Nationstar Mortg., LLC*, No. 3:20-cv-191-J-34JBT, 2020 WL 1046825, at *2 (M.D. Fla. Mar. 4, 2020); *Spiker v. Spiker*, No. 3:19-cv-1165-J-34JBT, 2019 WL 6525948, at *1-2 (M.D. Fla. Dec. 4, 2019). What is more, Plaintiff has not "clearly established" the "extraordinary and drastic remedy" of a preliminary injunction is necessary. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). With the Petition denied and no complaint to support the action, the Court dismisses this case without prejudice and closes the file. *See Medipharm-RX*, 2007 WL 601722, at *1, 3 (citing Fed. R. Civ. P. 3). If Plaintiff wishes, it may file a new case with a proper complaint and motion.

Accordingly, it is now **ORDERED**:

Plaintiff's Petition to Dissolve Immediate Suspension Order (Doc. 2) is **DENIED**.

1. This case is **DISMISSED without prejudice**.
2. The Clerk is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record